notice that, when brought upon his premises, it was then the property of a third person. Certainly such notice could not defeat the defendant's claim for the amount due him which had accrued prior to such notice.

The judgment and order appealed from should be reversed, and a new trial ordered with costs to the appellant to abide the event. All concur.

---

### STEIN v. BROOKLYN, Q. C. & S. R. CO.

(Supreme Court, Appellate Term. February 5, 1909.)

TRIAL (§ 133*)—ARGUMENT OF COUNSEL—MISSTATEMENT OF EVIDENCE.

    In summing up to the jury in a personal injury case, plaintiff's counsel said, speaking of an employé of defendant: "He went to [plaintiff's] house and tried to settle this case without my knowledge." There was no evidence to justify the statement, and defendant's theory was that it was under no liability whatever. *Held*, that counsel's conduct was prejudicial error, though the jury were instructed to disregard the statement.

    [Ed. Note.—For other cases, see Trial, Cent. Dig. § 316; Dec. Dig. § 133.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Isaac Stein against the Brooklyn, Queens County & Suburban Railroad Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and SEABURY, JJ.

George D. Yeomans (Francis R. Stoddard, Jr., of counsel), for appellant.

Charles S. Rosenthal, for respondent.

GIEGERICH, J. The action is to recover damages for personal injuries sustained by the plaintiff while attempting to board a street car of the defendant company, and alleged to have been caused by the negligence of the defendant. The answer contains a general denial, and also sets up the defense of contributory negligence.

The principal question in dispute was whether the car was moving or standing still when the plaintiff attempted to board it.

In summing up to the jury the plaintiff's counsel said, speaking of an employé of the defendant:

"He went to Stein's house and tried to settle this case without my knowledge."

Defendant's counsel excepted to the remark, and moved for a mistrial, which was denied, and an exception duly noted. There was nothing in the evidence to justify the remark, and it was undoubtedly a willful attempt to influence the jury improperly.

The record also shows that it was not the only misstatement of the evidence of which plaintiff's counsel was guilty. As the defendant's

---

theory was that it was under no liability whatever, it is obvious that the statement quoted was calculated to prejudice the defense. Verdicts obtained in this fashion will not be allowed to stand (Scott v. Barker [Sup. December, 1908] 113 N. Y. Supp. 695; Strickland v. N. Y. Central, etc., R. R. Co., 88 App. Div. 367, 371, 84 N. Y. Supp. 655), and it is no sufficient answer to this objection to show that the jury were instructed to disregard the improper statements of counsel (Loughlin v. Brassil, 187 N. Y. 128, 135, 79 N. E. 854; Manigold v. Black River Traction Co., 81 App. Div. 381, 384, 80 N. Y. Supp. 861).

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.